```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|                                  |   |                                 |
|---|---|---|
| RARE HOSPITALITY INTERNATIONAL   | : |                                 |
|    v.             | : | Civil Action No. DKC 2005-2934  |
| GUARDIAN FIRE PROTECTION SERVICE, INC. | : |                           |
|    v.             | : |                                 |
| BROOKS EQUIPMENT COMPANY, CLEN NET OF BALTIMORE/ WASHINGTON, INC., and INDUSTRIAL STEAM CLEANING, INC. | : |    |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the request of Third Party Plaintiff Guardian Fire Protection Service, Inc. for entry of default against Third Party Defendant Industrial Steam Cleaning, Inc. (Paper 26).  For the following reasons, the motion will be denied.

Guardian Fire filed its third party complaint against Brooks Equipment Company, Clen Net of Baltimore/Washington, Inc. and Industrial Steam Cleaning, Inc. on March 1, 2006.  On June 14, 2006, Guardian filed for entry of default as to Industrial, contending that Industrial had been served two ways: via service on the Maryland State Department of Assessments and Taxation and via certified mail on April 17, 2006.  A return receipt for mail addressed to Joel F. Palmore was signed by "T. Ross" and attached as an exhibit.

Industrial Steam Cleaning, Inc., through counsel, filed an opposition to the request for entry of default on July 5, 2006, reciting that Mr. Palmore was served with the complaint, but had been out of town for several weeks.  Industrial also filed an answer to the third party complaint.  Guardian filed a reply, continuing to seek entry of default, and arguing that Industrial had not asserted that it has a meritorious defense or otherwise justified the failure to respond.[1]

The complaint filed by Rare Hospitality International, Inc. against Guardian Fire Protection, Inc. alleges negligence and breach of contract arising from the alleged failure of a fire suppression system at the Bugaboo Creek Steak House.  Guardian's Third party complaint seeks indemnification and contribution from Industrial for allegedly inadequately cleaning and maintenance of the kitchen exhaust systems and hoods. Guardian also named two other defendants in the third party complaint, one of whom just filed an answer on September 19, 2006.

> While a default pursuant to Rule 55(a) may be entered against any party who fails to respond as stipulated by the Federal Rules of Civil Procedure, "[o]f course, the court has discretion to grant additional time to a party to plead or otherwise defend." 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §§ 2682 (3d ed. 1995). In

---

[1] The reply incorrectly recites that a default was entered on July 7, 2006.  The default entered on that date pertained only to Brooks Equipment Co., another third party defendant, and that default has been vacated.

> *First Am. Bank, N.A. v. United Equity Corp.*, 89 F.R.D. 81, 86-87 (D.D.C. 1981), the court refused an entry of default, notwithstanding the fact that defendant's motion to dismiss was untimely by nearly a month, because "the plaintiff has not alleged that it was substantially prejudiced by the delay in the filing." *See also Mason & Hanger-Silas Mason Co., Inc., v. Metal Trades Council of Amarillo, Texas and Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984); *Martin v. Delaware Law Sch. of Widener Univ.*, 625 F.Supp. 1288, 1296 n. 3 (D.Del. 1985), *aff'd*, 884 F.2d 1384 (3d Cir. 1989). In addition, the *First American Bank* court emphasized that its refusal was consistent with "the judicial preference for a decision on the merits." 89 F.R.D. at 86-87. *See also U.S. v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993) (stating the "strong policy" of the Fourth Circuit "that cases be decided on their merits").

*Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002).  The only prejudice identified by Guardian is the possible need for more time to complete discovery.  As noted above, however, another third party defendant has only recently been served and filed an answer. Under the circumstances, Guardian has not been prejudiced and the motion for entry of default will be denied by separate order.

                                                                     /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge